E. A. Bowen v. Fayette I. Foss.

| 28 | 373 |
|----|-----|
| 53 | 592 |

[Filed December 31, 1889.]

Married Women: Joint Contract: Liability. In an action on a promissory note signed jointly by husband and wife, it was alleged in the petition, in substance, that the note was given for a debt contracted by the wife. This was denied in her answer and she pleaded that she signed the note merely as surety for her husband. A verdict being returned against her for the amount of the note, *held*, that the testimony sustained the verdict.

Error to the district court for Saline county. Tried below before Morris, J.

*Abbott & Abbott*, for plaintiff in error:

A married woman is still under disabilities. To charge her separate estate the debt must be contracted for her benefit and on the credit of such estate. (*Yale v. Dederer*, 18 N. Y., 265 [72 Am. Dec., 503]; *Hale v. Christy*, 8 Neb., 264; *Savings Bank v. Scott*, 10 Id., 83 ; *Barnum v. Young*, Id., 309 ; *Kan. Mfg. Co. v. Gandy*, 11 Id., 448 ; *Gillespie v. Smith*, 20 Id., 455.) The note is signed by the hus-

*A rehearing of the case was subsequently granted and the judgment of the court below affirmed October 7, 1890.

band in the ordinary form, and by the wife as surety; hence, aside from the evidence, the legal presumption is that she is a surety only.

*Dawes & Foss, contra:*

The sole question is one of fact and the jury found that Mrs. Bowen borrowed the money in her name and on the credit of her individual property alone. The status of a married woman with reference to her separate estate is that of a *feme-sole.* ( *Webb v. Hoselton,* 4 Neb., 315; *Davis v. Bank,* 5 Id., 245; *Gregory v. Hartley,* 6 Id., 363, and Nebraska cases cited by counsel for plaintiff in error.)

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error upon a promissory note as follows:

"$100.                    CRETE, NEB., Nov. 27, 1882.

"On or before the 27th day of November, 1883, for value received in one spring buggy, we promise to pay F. I. Foss, or order, one hundred dollars, with interest at ten per cent from date, payable at State Bank in Crete.

"The express condition of the sale and purchase of the above property is such that the ownership does not pass from said ——— until this note and interest is paid in full; that the said ——— has full power to declare this note due and to take possession of said property at any time that they deem themselves insecure, even before the maturity of this note.                    D. BOWEN.
                                          "E. A. BOWEN.

"P. O., De Witt."

On the trial of the cause an amended petition was filed by leave of the court as follows:

"That on the 27th day of November, 1882, said defendants made and executed and delivered to the plaintiff their promissory note for the sum of $100, bearing ten per cent

interest from date, no part of which has been paid, and there is now due the sum of $153.33 upon the same, although it has often been demanded.

"And that the said D. Bowen and E. A. Bowen are, and were at the time of making and execution of said note, husband and wife, and that the money for which said note was given was loaned to the said E. A. Bowen by said plaintiff, upon her credit, and it was then and there the intention of all of said parties to charge the separate estate of the said E. A. Bowen with said debt evidenced by said note, the said E. A. Bowen being the principal in said transaction.

"2d. No part thereof has been paid, and there is now due the sum of $153.33 and costs of suit, for which plaintiff asks judgment, with interest at ten per cent."

To this petition the plaintiff in error filed an answer, in which she alleges, in substance, that she is a married woman living with her husband, D. Bowen, and was such at the time of signing the same; and that she signed said note as surety for her husband.

Upon these issues the case was tried, and the jury returned a verdict in favor of the defendant in error for the amount claimed, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The testimony of the defendant in error tends to show that the indebtedness in question was incurred for a new buggy; that at the time of the purchase the plaintiff in error was in ill health, and could not bear the fatigue of riding in a lumber wagon; that the defendant in error had in his hands for collection certain debts due her in Ohio, amounting to about $400; that the husband of the plaintiff in error was not in a condition financially to pay the debt, and therefore the credit was not given to him but to his wife.

This testimony is denied by the plaintiff in error and her husband, but we find no denial of the charge, in sub-

stance, that the husband had no means to pay a debt of this kind. This, we think, is a material circumstance in the case, in considering to whom the credit was given, as Mr. Foss testifies that he knew that the wife was abundantly able, while the husband was not. There are other circumstances tending to corroborate the testimony of Foss, and the verdict seems to be in accord with the justice of the case.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.